**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Andrew D. Beresin (AB 0603)
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
andrew@thesamuellawfirm.com
michael@thesamuellawfirm.com

*Attorneys for Plaintiff*

| | |
|---|---|
| HELLAL DJERROUD,<br><br>      *Plaintiff*,<br><br>  - vs. –<br><br>GNN DELI CORP. d/b/a Brighton Best Deli, Khaled Algahim, and Djouhmi Algahim a/k/a Sami Algahim,<br><br>      *Defendants*. | DOCKET NO. _____<br><br><br>**COMPLAINT** |

Plaintiff Hellal Djerroud, by and through his undersigned attorneys, for his complaint against defendants GNN Deli Corp. d/b/a Brighton Best Deli, Khaled Algahim, and Djouhmi Algahim a/k/a Sami Algahim, alleges as follows:

**NATURE OF THE ACTION**

1.    Plaintiff Hellal Djerroud (hereinafter referred to as "Plaintiff" or "Mr. Djerroud"), former employee of defendants GNN Deli Corp. d/b/a Brighton Best Deli, Khaled Algahim, Djouhmi Algahim a/k/a Sami Algahim, (hereinafter collectively referred to as "Defendants"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b),

1

alleges that he is entitled to recover from Defendants, jointly and severally: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages for overtime work for which he did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because Defendants' violations lacked a good faith basis.

2.    Plaintiff Hellal Djerroud further complains that he is entitled to recover from Defendants: (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which Defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for Defendants' violations of the "spread of hours" requirements of the New York Labor Law; (iv) liquidated damages pursuant to New York Labor Law for these violations; and (v) statutory damages for Defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

1.    Plaintiff Hellal Djerroud is an adult individual residing in Brooklyn, New York.

2.    Mr. Djerroud consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

3.    Defendant GNN Deli Corp., d/b/a Brighton Best Deli at all relevant times herein, is a domestic business corporation organized under the laws of the State of New York with a principal place of

business at 1133 Brighton Beach Ave, Brooklyn, NY 11235.

4.   At all relevant times, defendant GNN Deli Corp. d/b/a Brighton Best Deli was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

5.   Upon information and belief, at all relevant times, defendant GNN Deli Corp. d/b/a Brighton Best Deli has had gross revenues in excess of $500,000.00.

6.   Upon information and belief, at all relevant times herein, defendant GNN Deli Corp. d/b/a Brighton Best Deli has used goods and materials produced in interstate commerce and has employed at least two individuals who handled such goods and materials.

7.   Defendant Khaled Algahim is an owner or part owner and principal of GNN Deli Corp. d/b/a Brighton Best Deli, who has the power to hire and fire employees, set their wages and schedules, and maintain their records, including those of Plaintiff during his employment by Defendants.

8. At all relevant times, defendant Khaled Algahim was involved in the day-to-day operations of GNN Deli Corp. d/b/a Brighton Best Deli and played an active role in managing the business, including hiring, managing and supervising Plaintiff, setting his rate of pay and work schedule and paying Plaintiff.

9.   Upon information and belief, defendant Djouhmi Algahim a/k/a Sami Algahim is an owner or part owner and principal of GNN Deli Corp.

3

d/b/a Brighton Best Deli, who has the power to hire and fire employees, set their wages and schedules, and maintain their records, including those of Plaintiff during his employment by Defendant.

10. At all relevant times, defendant Djouhmi Algahim a/k/a Sami Algahim was involved in the day-to-day operations of GNN Deli Corp. d/b/a Brighton Best Deli and played an active role in managing the business, including managing and supervising Plaintiff, setting his rate of pay and work schedule and paying Plaintiff.

11. At all relevant times, Defendants each constituted an "employer" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants' business is located in this judicial district.

## FACTS

14. At all relevant times herein, Defendants owned and operated Brighton Best Deli, a restaurant located at 1133 Brighton Beach Ave,

4

Brooklyn, NY 11235.

15. Mr. Djerroud was employed at Brighton Best Deli from approximately November 2018 until June 3, 2024.

16. During his employment at Brighton Best Deli, Mr. Djerroud duties were food preparation, maintenance and cleaning.

17. During his employment at Brighton Best Deli, Mr. Djerroud's work was performed in the normal course of Defendants' business, was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

18. At all relevant times herein, Mr. Djerroud was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

19. During his employment at Brighton Best Deli, from approximately November 2018 until June 3, 2024, Mr. Djerroud worked a regular schedule seven days per week, Sunday through Saturday from 7:00 p.m. to 7:00 a.m., with no breaks and/or days off.

20. As a result, Mr. Djerroud was working approximately 84 hours per week, during his employment by Defendants.

21. During his employment at Brighton Best Deli, from approximately November 2018 until February 2024, Mr. Djerroud was paid by Defendants weekly in cash, at the rate of $13 per hour.

22. During his employment at Brighton Best Deli, from February 2024 until June 3, 2024, Mr. Djerroud was paid by Defendants weekly in cash, at the rate of $14 per hour.

23. As a result, Plaintiff's effective rates of pay were each below the statutory New York City minimum wage in effect at relevant times.

24. Defendants' failure to pay Plaintiff an amount at least equal to the New York City minimum wage in effect during relevant time periods was willful and lacked a good faith basis.

25. In addition, Defendants failed to pay Plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

26. Defendants' failure to pay Plaintiff the overtime bonus for overtime hours he worked was willful and lacked a good faith basis because Defendants set Plaintiff's work schedule and were aware that Plaintiff was regularly working in excess of 40 hours per week during his employment.

27. Defendants also failed to pay Plaintiff an additional hour's pay at the minimum wage for each day he worked a shift lasting in excess of ten hours from start to finish ("spread-of-hours premium").

28. Defendants' failure to pay Plaintiff the spread-of-hours premium for each day he worked a shift lasting in excess of ten hours from start to finish was willful and lacked a good faith basis because Defendants set Plaintiff's work schedule and were aware that Plaintiff was regularly working daily shifts lasting longer that ten hours from start to finish.

29.    Throughout his employment by Defendants, Plaintiff received no paystubs or wage statements of any sort with his pay causing Plaintiff financial harm resulting from his not being informed of the rate of pay of he was receiving for each hour worked, nor informed of the amount of hours he was being paid for on a weekly basis.

30.    Defendants also failed to provide Plaintiff with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, Defendants' contact information, the regular and overtime rates, and intended allowances claimed – and failed to obtain Plaintiff's signature acknowledging the same, upon Plaintiff's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.  This resulted in financial harm resulting from Plaintiff not being informed of the rate of pay of he was receiving for each hour worked, nor informed of the amount of hours he was being paid for on a weekly basis.

31.    Defendants failed to provide Plaintiff with weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act resulting in financial harm to Plaintiff from his not being informed of the rate of pay of he was receiving for each hour worked, nor informed of the amount of hours he was being paid for on a weekly basis, preventing Plaintiff from knowing that he was not being compensated properly for all of his hours worked or being able to calculate the correct amount of pay he should have received for each week during his employment.

32. Upon information and belief, throughout Plaintiff's employment period, Defendants failed to maintain accurate and sufficient time records or provide accurate records to Plaintiff.

33. Upon information and belief, during Plaintiff's employment period, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (New York Labor Law – Minimum Wage)

36. Plaintiff repeats, realleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

37. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

38. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

39. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

40. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs

8

and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT II**
**(Fair Labor Standards Act - Overtime)**

41.  Plaintiff repeats, realleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

42.  At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

43.  At all relevant times, Defendants failed to pay Plaintiff overtime compensation for hours he worked in excess of forty hours per workweek.

44.  As a result of Defendants' willful failure to compensate Plaintiff at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

45.  The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

46.  Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT III**
**(New York Labor Law - Overtime)**

47.  Plaintiff repeats, realleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

48.  At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

49.  Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

50.  Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

51.  Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV
### (NEW YORK LABOR LAW – SPREAD OF HOURS)

52.  Plaintiff repeats, realleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

53.  At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

54.   Defendants willfully violated Plaintiff's rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked a shift lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 142-2.4.

55.   Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 163 and supporting regulations.

56.   Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V
### (New York Labor Law – Wage Theft Prevention Act)

57.   Plaintiff repeats, realleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

58.   At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

3.   Defendants willfully violated Plaintiff's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter, causing

harm to Plaintiff by preventing him from receiving his lawfully owed compensation including overtime premium.

59. Defendants willfully violated Plaintiff's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment, causing harm to Plaintiff by preventing him from receiving his lawfully owed compensation including overtime premium.

60. Due to Defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiff is entitled to recover from Defendants statutory damages of $250 per day, for each day of his employment by Defendants, up to the maximum statutory damages.

61. Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from Defendants statutory damages of $50 per day for each day of his employment by Defendants, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

    a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

    b.  An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and

all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. Compensatory damages for failure to pay the minimum wage pursuant to New York Labor Law;

d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e. Compensatory damages for failure to pay the "spread of hours" compensation pursuant to New York Labor Law;

f. An award of liquidated damages as a result of Defendants' willful failure to pay the statutory minimum wage, overtime, and "spread of hours" compensation pursuant to 29 U.S.C. § 216;

g. Liquidated damages for Defendants' New York Labor Law violations;

h. Statutory damages for Defendants' violation of the New York Wage Theft Prevention Act;

i. Back pay;

j. Punitive damages;

k. An award of prejudgment and post judgment interest;

l. An award of costs and expenses of this action together with

13

reasonable attorneys' and expert fees; and

m.  Such other, further, and different relief as this Court deems just and proper.


Dated: July 17, 2026

/s/ Andrew D. Beresin
Andrew D. Beresin (AB 0603)
Michael Samuel (MS 7997)
THE SAMUEL LAW FIRM
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
andrew@thesamuellawfirm.com
michael@thesamuellawfirm.com

Attorneys for Plaintiff